```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

| | |
|---|---|
| EDNA TUNNELL § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-09-4064 |
| § | |
| AMERICAN FAMILY LIFE ASSURANCE § | |
| COMPANY OF COLUMBUS, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION**

Presently pending before the court[1] is Defendant's Motion for Summary Judgment (Docket Entry No. 12) and the response filed thereto. For the reasons discussed below, the motion is **GRANTED**.

## I.  Case Background

Plaintiff, Edna Tunnell, is the beneficiary of a personal accident insurance policy purchased by her son, James Tunnell ("Mr. Tunnell") and issued by Defendant, American Family Life Assurance Company of Columbus ("AFLAC"). Mr. Tunnell purchased the policy through his employer, and it is undisputed that the policy is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. The policy provided that $40,000 was payable upon the accidental death of Mr. Tunnell.

On February 15, 2009, Mr. Tunnell died in a one-car accident

---

[1] On February 19, 2010, the parties consented to proceed before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). See Consent Form, Docket Entry No. 11.

on Farm-to-Market Road 2920 in Harris County, Texas, at 1:15 a.m.[2] The roadway was one lane in each direction and had a white painted line that demarcated the outer edge of the roadway.[3] Past the painted line was a shoulder of earth and grass.[4] The road surface was blacktop material and in good repair; the roadway was wet due to a light rain.[5] The posted speed limit was fifty-five miles per hour.[6]

The accident investigation found that the roadway slowly curved to the left as Mr. Tunnell's vehicle drifted off the right edge of the roadway.[7] This finding was based on visible tire marks that were found on the grassy shoulder on the right side of the road.[8] The tire marks then veered left and crossed the center line of the roadway. Based on furrows made by the vehicle, investigators concluded that the vehicle began to rotate counter-clockwise after it encountered the grassy shoulder of the opposite

---

[2] See Defendant's Motion for Summary Judgment, Docket Entry No. 12, ("DMSJ"), Ex. 6, Police Report, p. 1.

[3] Id. at p. 6.

[4] Id.

[5] Id.

[6] Id.

[7] Id. at p. 3.

[8] Id. at p. 15.

lane.[9] The vehicle struck several trees and rolled over.[10] One of the trees fell across the roadway. Mr. Tunnell was ejected from the vehicle and died at the scene.[11] According to the police report, Mr. Tunnell was driving alone and not wearing a seat belt.[12]

There was no witness to the accident, however, another driver came upon the accident scene while there was still a mist of dirt in the air as if the accident had just occurred.[13] That driver reported that he had seen no other vehicles in the area.[14]

The Harris County Medical Examiner's Office Laboratory Report showed that Mr. Tunnell was legally intoxicated at the time of the accident.[15] His blood alcohol level was 0.25 g/dL; the legal definition of intoxication in the State of Texas is 0.08 g/dL.[16]

Based on the tire marks, the state of the vehicle and the laboratory report, the accident investigator concluded that the accident was caused by Mr. Tunnell's intoxication and his failure,

---

[9] Id.

[10] Id.

[11] Id.

[12] Id. at p. 2.

[13] Id. at p. 15.

[14] Id.

[15] Id.

[16] Id. The autopsy found that the level of alcohol in Mr. Tunnell's blood was 0.25 g/dL, the level of alcohol in his urine was 0.33 g/dL and the level of alcohol in his vitreous humor was 0.29 g/dL. See DMSJ, Ex. 5, Autopsy Report, p. 11.

due to that intoxication, to maintain a single lane of traffic.[17]

The AFLAC policy is subject to the following limitation and exclusion:

> We will not pay benefits for an accident or Sickness that is caused by or occurs as a result of a covered person's:
>
> > 1. Participating in any activity or event, including the operation of a vehicle, while under the influence of a controlled substance (unless administered by a Physician and taken according to the Physician's instructions) or while intoxicated ('intoxicated' means that condition as defined by the law of the jurisdiction in which the accident occurred).[18]

Based on this exclusion, Defendant, as plan administrator and insurer, denied Plaintiff benefits under the policy.[19]

On November 17, 2009, Plaintiff filed her original petition in the 281st Judicial District Court of Harris County, Texas. On December 21, 2009, AFLAC answered and removed this action to this court on the basis of federal question jurisdiction as well as diversity of citizenship.[20]

## II. Legal Standards

**A. Summary Judgment**

Summary judgment is warranted when the evidence reveals that

---

[17] DMSJ, Ex. 6, Police Report, p. 16.

[18] DMSJ, Ex. 1, AFLAC Accident Policy, p. 10 (unnumbered).

[19] ERISA defines a plan administrator as an entity with discretion in the administration of the plan. 29 U.S.C. § 1002(21)(A). As the AFLAC policy qualifies as an employee benefit plan and AFLAC makes all decisions regarding this policy, it is the plan administrator.

[20] See Notice of Removal, Docket Entry No. 1, p. 2.

no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that

establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist that must be resolved at trial.  Id. at 324.

**B.   ERISA Standard of Review**

Under ERISA, a district court may review determinations made by an employee disability plan, here, the AFLAC policy.  See 29 U.S.C. § 1132(a)(1)(B).  In Firestone Tire and Rubber Co. v. Burch, 489 U.S. 101, 115 (1989), the Supreme Court held that the appeal of a denial of benefits under Section 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan confers on the administrator discretion to determine eligibility for benefits or to interpret plan terms.

In the present case, the court could discern no term in the AFLAC policy granting such discretion to Defendant as plan administrator.  Thus, the court reviews Defendant's interpretation of plan terms and coverage on a *de novo* basis.

However, even though the court must review policy interpretations *de novo*, the Fifth Circuit has held that factual determinations made by the plan administrator are reviewed under an abuse of discretion standard.  See Stone v. UNOCAL Termination Allowance Plan, 570 F.3d 252, 257 (5th Cir. 2009); Pierre v. Conn. Gen. Life Ins. Co./Life Ins. Co. of N. Am., 932 F.2d 1552, 1558 (1991).  An administrator does not abuse its discretion unless the decision is arbitrary and capricious.  Meditrust Fin. Serv. Corp.

v. Sterling Chem., Inc., 168 F.3d 211, 214 (5th Cir. 1999).  There, the court stated, "A decision is arbitrary only if 'made without a rational connection between the known facts and the decision or between the found facts and the evidence.'" Meditrust, 168 F.3d at 215 (quoting Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich., 97 F.3d 822, 828-29 (5th Cir. 1996)).  Thus, the administrator's decision is not arbitrary if it is "based on evidence, even if disputable, that clearly supports the basis for its denial."  Holland v. Int'l Paper Co. Ret. Plan, 576 F.3d 240, 246 (quotation marks and citations omitted).

   Where, as here, the plan administrator both evaluates and pays the claim, a conflict of interest arises, and the court must weigh the conflict in determining whether there has been an abuse of discretion.  Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 2350 (2008).

### III.  Analysis

   In the present case, the policy at issue excludes coverage for any accident "that is caused by or occurs as a result of" a covered person's operation of a vehicle while intoxicated.[21]  It is not disputed that Mr. Tunnell was driving while intoxicated.  Plaintiff argues that the accident could have been caused by many factors other than Mr. Tunnell's intoxication, and therefore the trier of fact must decide the issue whether his accidental death was

---

   [21]   See DSMJ, Ex. 1, AFLAC Accident Policy, Part 2, B. 1.

excluded from coverage under the Policy.

Plaintiff's argument misunderstands the function of the court's review. Here, AFLAC, as plan administrator, has already made the factual determination that the accident was caused by Mr. Tunnell's intoxication. Thus, the court must determine whether AFLAC abused its discretion in making that factual determination. See Meditrust, 168 F.3d at 215.

The record before the plan administrator contained evidence that Mr. Tunnell's blood alcohol level was .25 g/dL, three times the legal definition of intoxication in the State of Texas. The plan administrator's record also included the police report of the accident which contained a detailed description of the accident scene and the factual basis for the accident investigator's conclusion that, "James Robert Tunnell was driving while intoxicated and due to that intoxication was unable to maintain a single lane of traffic causing the crash and ultimately causing his death."[22]

Notably, the record before the administrator contained no evidence that suggested that the accident was a result of the causes suggested by Plaintiff in her response brief, such as the condition of the vehicle's tires or brakes or that Mr. Tunnell fell asleep while driving. While the police report noted that the roadway was wet at the time of the accident, the wet roadway was

---

[22] Id. at p. 17.

not mentioned as a possible factor in the accident.  In light of the conclusion of the police investigator that the accident was caused by Mr. Tunnell's driving while intoxicated and not the wet roadway, the court cannot say that AFLAC abused its discretion by adopting the conclusion of the police investigator concerning the cause of the accident.

In light of the record before the plan administrator, the court finds that there is sufficient evidence to clearly support the decision of the administrator, and AFLAC did not abuse its discretion in making the factual determination that Mr. Tunnell's accidental death fell under a policy exclusion.

The court additionally finds any conflict that existed because AFLAC was responsible for determining both eligibility and paying the benefit to be minimal in light of the overwhelming evidence in the record that the accident was caused by Mr. Tunnell's extreme intoxication.

As Plaintiff failed to raise any argument that the plan administrator's interpretation of a policy term was legally incorrect, the court need not undertake a *de novo* review of such interpretation.

### IV. Conclusion

In light of the foregoing, Defendant's Motion for Summary

Judgment is **GRANTED**.

    **SIGNED** this 12th day of October, 2010.

                                             Nancy K. Johnson
                                      United States Magistrate Judge